UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA HENLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8863** |
| **STATE FARM FIRE AND CASUALTY, ET AL.** | **SECTION B(1)** |

ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand (Rec. Doc. No. 3). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

*BACKGROUND*

On August 29, 2005, Hurricane Katrina caused extensive damage to Plaintiff's property.[1] Plaintiff's State Farm Fire And Casualty ("State Farm") homeowner's insurance policy was in full force and effect on August 29, 2005.

On August 28, 2006, Plaintiff filed suit against Defendants State Farm, Bowden Insurance Agency, Inc. ("Bowden"), and AAA Contractors in Civil District Court for the Parish of Orleans. Plaintiff asserts claims of breach of contract, intentional

---

[1] Defendants contend Plaintiff is not the owner of said property. Defendants claim Plaintiff's deceased mother, Maria Sessum, owned said property and purchased the subject State Farm homeowners insurance policy. The Court acknowledges this factual dispute. However, the Court will reference Plaintiff's original petition in consideration of Plaintiff's Motion To Remand as the determination of this issue is not dispositive on the issue of jurisdiction.

infliction of emotional distress, bad faith and negligence. Defendants removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.[2]

Defendants contend diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. Defendants argue that Bowman, the non-diverse insurance agency, was improperly joined as a defendant.

Plaintiff contends Bowman was properly joined as a defendant, therefore, diversity of citizenship was destroyed. Moreover, Plaintiff argues that Defendants cannot show by a preponderance of evidence that the amount in controversy exceeds $75,000.00. Plaintiff claims jurisdiction does not exist and moves the Court to remand.

## *DISCUSSION*

**A.   Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. §

---

[2] Defendants' Notice of Removal stated federal jurisdiction exists pursuant to 29 U.S.C. §§ 1332, 1369 and 1441. However, Defendants Memorandum in Opposition To Motion To Remand (Rec. Doc. No. 8) abandons the arguments that federal jurisdiction exists pursuant to 29 U.S.C. §§ 1369 and 1441 and proffers the sole argument that federal jurisdiction exists pursuant to 28 U.S.C. § 1332.

1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity.  *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case."  *Id.* at 573.  The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573.  A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.*  "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir.

2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The original homeowner's policy was purchased in 1980. In 1994, the policy was transferred to Bowman for handling. Therefore, Defendants contend any claims against Bowman are perempted under Louisiana Revised Statute 9:5606.

La. Rev. Stat. Ann. § 9:5606 (2006) provides in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Plaintiff claims Bowman failed to procure requested insurance coverage, *inter alia*.[3] Plaintiff specifically alleges that Plaintiff and Bowman engaged in conversations regarding coverage

---

[3] Plaintiffs Petition For Declaratory Judgment and Damages ("Petition"), ¶ XVIII.

"within one year."[4]  Plaintiff further alleges that Plaintiff requested a change in insurance coverage within the last three years.[5] Plaintiffs' claims are within the three year peremptive period.  However, the determinative issue before the court is whether Plaintiffs should have discovered the alleged acts or omissions thereby implicating the one year peremptive period as Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions.  *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006)(citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95).

In *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006), the court contemplated whether plaintiffs' non-diverse insurance agent was improperly joined as a defendant.  Removing defendant proffered the argument that plaintiffs' claims against the insurance agent were perempted under Louisiana Revised Statute § 9:5606.  *Id*.  The Court noted that further factual development may establish that Plaintiffs reliance upon the agent to provide adequate insurance coverage may be well-founded and may excuse Plaintiffs failure to discover the alleged omission notwithstanding the policy language.  Therefore, the Court held the claims against the agent had not perempted and the agent was not improperly joined.

---

[4]Petition, ¶¶ XVII and XVIII.

[5]*Id.*

Similarly, Plaintiff alleges Bowman failed to procure adequate insurance as requested. Without further factual development regarding the basis for Plaintiffs reliance and whether or not the reliance was well founded, the Court cannot conclude that Plaintiffs have no possibility of recovery against the in-state defendants. Therefore, Bowman was not improperly joined and diversity of citizenship is destroyed.[6] Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 17th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[6] Finding that diversity of citizenship is destroyed, the Court finds it unnecessary to address whether the amount in controversy exceeds $75,000.00.